

**Stip does not affect Confirmed plan.**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Andri L. Council Jr.<br>_Debtor_ | CHAPTER 13 |
| U.S. BANK NATIONAL ASSOCIATION (TRUSTEE FOR THE PENNSYLVANIA HOUSING FINANCE AGENCY)<br>_Movant_<br>vs. | NO. 17-12273 ELF |
| Andri L. Council Jr.<br>_Debtor_ | 11 U.S.C. Section 362 |
| William C. Miller Esq.<br>_Trustee_ | |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$21,850.77** which breaks down as follows:

| | |
|---|---|
| Post-Petition Payments: | August 2018 to October 2018 at $893.00/month |
| | November 2018 to June 2019 at $1,162.00/month |
| Installment Payments: | August 2018 to March 2019 at $1,028.74/month |
| | April 2019 at $1,028.72/month |
| Late Charges: | August 2018 to June 2019 at $23.83/month |
| Suspense Balance: | $676.00 |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$21,850.77** |

2. The Debtor shall cure said arrearages in the following manner;

a). Beginning on July 1, 2019 and continuing through December 1, 2020, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$1,162.00** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$1,213.94** from July 2019 to November 2020 and **$1,213.79** for December 2020 towards the arrearages on or before the last day of each month at the address below;

PHFA
211 North Front Street
Harrisburg, PA 17101

b). Maintenance of current monthly mortgage payments to the Movant thereafter.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The undersigned seeks court approval of this stipulation.

10. The parties agree that a facsimile signature shall be considered an original signature.

Date: June 12, 2019

By: /s/ Kevin G. McDonald, Esquire
Kevin G. McDonald, Esquire

Date: 6/17/19

Bradley E. Allen, Esquire
Attorney for Debtor

Date: 6/26/19

William C. Miller            NO OBJECTION
Attorney for Debtor          *without prejudice to any
                             trustee rights and remedies.

Approved by the Court this _____ day of _____, 2019. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Eric L. Frank